128 F.Supp.2d 1178 (2001)
Willie E. MOONEY, Plaintiff,
v.
NORTHWEST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a Metra, Defendant.
Northwest Illinois Regional Commuter Railroad Corporation, d/b/a Metra, Third Party Plaintiff,
v.
Spiros Stamelos, M.D., individually, and as agent of Stamelos Clinic for Orthopaedic Disorders and Stamelos Clinic for Orthopaedic Disorders, Third Party Defendant.
No. 98 C 1781.
United States District Court, N.D. Illinois, Eastern Division.
January 25, 2001.
*1179 Robert J. Drummond, J. Dillon Hoey, James Louis Farina, James Timothy Foley, Holey, Farina & Downes, Chicago, IL, for Plaintiff, Willie E. Mooney.
Alan Barinholtz, Barinholtz & Gault, Chicago, IL, for Third Party Plaintiff, Northwest Illinois Regional Commuter Railroad Corp. d/b/a Metra.
Alan Barinholtz, Barinholtz & Gault, Chicago, IL, for Defendant, Northwest Illinois Regional Commuter Railroad Corp. d/b/a Metra.
Robert M. Collins, Martin P. Head, Bollinger, Ruberry & Garvey, Chicago, IL, for Third Party Defendant, Spiros Stamelos, MD.

MEMORANDUM OPINION AND ORDER
ALESIA, District Judge.
Before the court is Spiros Stamelos's ("Dr.Stamelos") motion to dismiss the third party complaint of Northwest Illinois Regional Commuter Railroad Corporation, d/b/a Metra ("Metra"). For the following reasons, the court grants Dr. Stamelos's motion to dismiss.

I. BACKGROUND

A. Facts[1]
On January 14, 1997, Willie E. Mooney ("Mooney"), a sheet metal worker employed by Metra, sustained a back injury when a co-worker moved a train under which Mooney was working. Because of this back injury, Mooney sought treatment from Dr. Stamelos. Dr. Stamelos determined that Mooney required lumbar surgery, and on April 21, 1997, Dr. Stamelos performed surgery on Mooney. On May 2, 1997, Mooney contacted Dr. Stamelos, complaining of pain, and an examination revealed several problems, including a postoperative fibrosis and disc herniation. X-rays showed a small metallic thread-like object in an area of the nerve root. Dr. Stamelos recommended additional surgery.
On May 17, 1997, subsequent surgery by Dr. Stamelos revealed a thread of cottonoid incorporated into the hematoma scar tissue in the area of the nerve root. In June 1997, postoperative complications required Dr. Stamelos to hospitalize Mooney for treatment of subcuticular drainage from the surgical site. A September 1997 MRI showed L4-5 discitis and early development of a left L4 abscess. Simply put, a foreign object used during surgery was left inside Mooney, causing further medical complications and aggravating his back injury.

B. Procedural History

Based on the foregoing, Mooney filed a complaint against Metra, pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51-60, for compensation for his injury. Mooney opted not to sue Dr. Stamelos. The original complaint was filed in this court. However, both parties consented to have their case transferred to a magistrate judge. On July 30, 1998, this case was reassigned to Magistrate Judge Ashman, pursuant to Federal *1180 Rule of Civil Procedure 73 and Local Rule 1.72. FED. R. CIV. P. 73; LOC. R. 1.72.
On January 14, 2000, the parties informed Magistrate Judge Ashman that they settled the case. However, rather than dismissing the case, the court granted Metra's unopposed motion to file a third-party medical negligence complaint against Dr. Stamelos for contribution under Illinois law. Metra filed its third-party complaint on June 30, 2000, five months after settlement of the original FELA claim. In its third-party complaint, Metra relies upon the state common-law right of contribution among joint tortfeasors found in the Illinois Contribution Act, 740 ILCS 100/1.01, et seq., and asserts federal supplemental jurisdiction over its medical negligence claim against Dr. Stamelos.
On December 8, 2000, Magistrate Judge Ashman returned the case to this court.[2] On January 18, 2001, this court dismissed Mooney's original complaint against Metra with prejudice, as all matters in controversy were settled. Now before the court is Dr. Stamelos's motion to dismiss Metra's third-party complaint for lack of subject matter jurisdiction.

II. DISCUSSION
This court had jurisdiction over Mooney's FELA claim under the federal question statute, 28 U.S.C. § 1331, which grants federal district courts original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Metra alleges supplemental jurisdiction over its state law medical negligence claim against Dr. Stamelos. Supplemental jurisdiction is codified in 28 U.S.C. § 1367(a), which extends the jurisdiction of federal district courts to all claims that are so related to the claim within the court's original jurisdiction that they form part of the same case or controversy within the meaning of Article III of the Constitution.[3]See City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 164, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997) (citing 28 U.S.C. § 1367).
Although § 1367(a) authorizes federal courts to exercise supplemental jurisdiction over state law claims, this does not mean that federal courts must exercise jurisdiction in all cases. See Int'l College of Surgeons, 522 U.S. at 172, 118 S.Ct. 523. Rather, supplemental jurisdiction is "a doctrine of discretion, not of plaintiff's right...." Id. District courts can decline to exercise jurisdiction over supplemental state law claims for a number of valid reasons and should "deal with cases involving [supplemental] claims in the manner that best serves the principles of economy, convenience, fairness and comity which underlie the [supplemental] jurisdiction doctrine." Id. While there are "unusual cases in which the balance of factors to be considered under the [supplemental] jurisdiction doctrine  judicial economy, convenience, fairness and comity  will point to federal decision of the state-law claims on the merits," the district judge is given broad power in determining whether such circumstances apply and, thus, whether it is appropriate to retain jurisdiction over the state law claims. Kennedy v. Schoenberg, Fisher & Newman, Ltd., 140 F.3d 716, 727-28 (7th Cir.1998). Furthermore, "[s]o long as an arguable balance of the above mentioned factors points in the direction of the district court's discretionary determination whether or not to exercise jurisdiction, that decision, being discretionary, will not be disturbed." Timm v. *1181 Mead Corp., 32 F.3d 273, 277 (7th Cir. 1994). In fact, the district court's discretion to relinquish supplemental jurisdiction is "almost unreviewable," especially when all federal claims have been dropped from the case before trial and only state law claims remain. Kennedy, 140 F.3d at 728 (quoting Huffman v. Hains, 865 F.2d 920, 923 (7th Cir.1989)). "At that point, respect for the state's interest in applying its own law, along with the state court's greater expertise in applying state law, become paramount concerns." Id. In fact, in cases involving complex or novel issues of state law, it may be an abuse of discretion for a court to retain jurisdiction after the federal issue is disposed of at trial or even on appeal. See United States v. Zima, 766 F.2d 1153, 1158 (7th Cir.1985) (internal citations omitted).
Section 1367(c)(3) specifically provides that district courts may decline to exercise supplemental jurisdiction where "the court has dismissed all claims over which it has original jurisdiction." See Kennedy, 140 F.3d at 727 (quoting 28 U.S.C. § 1367(c)(3)). In fact, "it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." Groce v. Eli Lilly & Co., 193 F.3d 496, 501 (7th Cir.1999).
This case is precisely the situation described in § 1367(c)(3). 28 U.S.C. § 1367(c)(3). The only claim giving rise to federal jurisdiction in the first instance, Mooney's FELA claim, has been settled and subsequently dismissed. Upon settlement of the FELA claim in January 2000, the sole initial basis for the assertion of federal jurisdiction evaporated, and the only remaining dispute involves a state law medical negligence claim for which discovery has not even begun. Because the FELA claims were settled and dismissed, federal jurisdiction over this suit is based entirely upon the supplemental jurisdiction statute. That statute provides that a district court "may decline to exercise supplemental jurisdiction" over supplemental state law claims if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Therefore, it is within this court's discretion whether to proceed with the remaining third-party claim or dismiss it. To make this determination, the court must balance the factors of judicial economy, convenience, fairness and comity. See Int'l College of Surgeons, 522 U.S. at 172.
Metra states conclusively that judicial economy, convenience and fairness weigh in favor of the exercise of federal jurisdiction over its state law claims. Nevertheless, it fails to provide any rationale supporting this conclusory statement, and there is nothing in the record or in Metra's motion to support its argument.
Judicial economy is not served by this court's retention of jurisdiction. The parties stated in court on January 18, 2001 that they have not yet undertaken any discovery on the state law claim, and  because Magistrate Judge Ashman presided over this case virtually from its inception, and for nearly two and a half years leading up to the settlement of the original claim  this court is unfamiliar with the facts of the case. Further, besides briefing this motion to dismiss, virtually no judicial resources have been committed to the state law claims in this case. At this point, the burden of the state law claims would be the same for a federal as for a state court, and there would be no substantial duplication of effort if the state law claims were tried in the state court. See Wright v. Assoc. Ins. Cos., 29 F.3d 1244, 1251 (7th Cir.1994) (holding that the district court should have relinquished jurisdiction over state law claim when the federal claims were dismissed and there was very little federal judicial investment in the state law claims).
Second, convenience is not served by this court's retention of jurisdiction. The state law claims are not patently frivolous, nor is it absolutely clear to this court how the supplemental state law claims will be decided. See Van Harken v. City of Chicago, *1182 103 F.3d 1346, 1354 (7th Cir.1997) (reaffirming the "no brainer" exception to the general rule that federal courts should relinquish jurisdiction of state law claims: If an interpretation of state law that knocks out the plaintiff's state claim is obviously correct, the federal court should retain and decide it "rather than burdening the state courts with a frivolous case"); see also Brazinski v. Amoco Petroleum Additives Co., 6 F.3d 1176, 1182 (7th Cir. 1993) (holding that retention of a state law claim is appropriate when the correct disposition of the claim is "so clear as a matter of state law that it can be determined without further trial proceedings and without entanglement with any difficult issues of state law..."); Wentzka v. Gellman, 991 F.2d 423, 425 (7th Cir.1993) (holding that retention of jurisdiction over case was improper where state law was unsettled).
Finally, fairness and comity are not served by this court's retention of jurisdiction. Metra does not allege that the delay necessary to reinstitute the dismissed claim in a state court may have a substantial adverse effect on it. It does not allege that the applicable statute of limitations on the state law claim has run or will run before the complaint in the state action can be served upon the third-party defendant. Even if it did make such allegations, under § 1367(d), the period of limitations for any claim asserted under subsection (a) "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d). Thus, dismissal of the third-party complaint on jurisdictional grounds will not preclude the parties from pursuing this matter in state court. See Olde Discount, Inc. v. Parker, No. 97 C 5746, 1998 WL 901673, at *4 (N.D.Ill. Dec. 21, 1998). Further, no res judicata effect attaches to the claims the court dismisses for lack of subject matter jurisdiction. See Follkie v. City of Chicago, No. 97 C 154, 1997 WL 527304, at *6 n. 7 (N.D.Ill. Aug. 19, 1997).
In sum, there is no evidence that judicial economy, convenience, fairness or comity compel this court to retain jurisdiction over the third-party claim. This case belongs in state court. Therefore, this court exercises its discretion in dismissing the third-party complaint without prejudice for lack of subject matter jurisdiction. Metra is free to file its claim in state court.

III. CONCLUSION
For the foregoing reasons, the court grants Dr. Stamelos's motion to dismiss Metra's third-party complaint. Metra's third-party complaint is dismissed without prejudice.
NOTES
[1] Unless otherwise indicated, the following facts are taken from Metra's third-party complaint for contribution.
[2] When Dr. Stamelos was added as a new party, he did not consent to having the case heard by Magistrate Judge Ashman. As a result, Magistrate Judge Ashman lacked jurisdiction over the case. See Williams v. General Elec. Capital Auto Lease, Inc., 159 F.3d 266, 268-69 (7th Cir.1998) (holding that where original parties consented to transfer to magistrate, additional parties must also agree to the transfer or else they are not bound by the magistrate's exercise of authority).
[3] The supplemental jurisdiction statute combines the doctrines of pendent and ancillary jurisdiction under the common heading of "supplemental jurisdiction." See City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 164, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997) (construing 28 U.S.C. § 1367).